IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KRYSTAL ELLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACT. NO. 3:24-cv-366-ECM |
| | ) [WO] |
| SAM'S WEST, INC. d/b/a SAM'S CLUB and WALMART, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

On June 19, 2024, Plaintiff Kystal Ellis ("Ellis") filed a complaint against Defendant Sam's West Inc. d/b/a Sam's Club and Walmart, Inc. ("Sam's")[1], alleging that Sam's violated her rights under the Americans with Disabilities Act ("ADA"). Now pending before the Court is the Recommendation of the Magistrate Judge (doc. 19) that Sam's motion to dismiss (doc. 9) be denied. On October 11, 2024, Sam's objected to the Recommendation. (Doc. 20).

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter

---

[1] In its motion to dismiss, Sam's notes that it was "incorrectly identified as 'SAM'S WEST, INC. D/B/A SAM'S CLUB and WALMART INC.,'" and that it should instead be identified as "Sam's East Inc." (Doc. 9 at 1). As the Magistrate Judge acknowledged, "[t]o the extent that Sam's seeks to correct its official title in the record, [it] must separately file a notice and affirmatively request the correction to the appropriate naming convention." (Doc. 19 at 1, n.1).

to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).  *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990).  However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue.").  Otherwise, a Report and Recommendation is reviewed for clear error.

On July 22, 2024, Sam's moved to dismiss Count II of the complaint and the "termination allegations" contained in Counts III–V. (Doc. 9).  Sam's argued that Ellis failed to exhaust her administrative remedies for these claims because (1) she failed to raise termination in her charge with the Equal Opportunity Employment Commission ("EEOC"), and (2) the EEOC's right to sue letter "offers no indication that the agency investigation was broad enough to encompass constructive discharge." (Doc. 9 at 3).  The Magistrate Judge rejected this argument.  After identifying the proper inquiry as whether the allegations of Ellis' complaint are "like or related to, or grew out of, the allegations contained in the EEOC charge," (doc. 19 at 5 (citing *Basel v. Sec'y of Def.*, 507 F. App'x

873, 875 (11th Cir. 2013)[2])), the Magistrate Judge concluded that "Ellis'[] complaint relates back to her EEOC charge because her judicial claim of constructive discharge and retaliation grows out of her EEOC charge allegations of disability and retaliation," (doc. 19 at 6).

The Defendant lodges two related objections to the Recommendation.  First, the Defendant "objects to the Magistrate[] [Judge's] Report's finding that [the] Plaintiff's EEOC Charge raised constructive discharge sufficiently to come within the scope of the agency's investigation." (Doc. 20 at 1).  Second, the Defendant objects to the Magistrate Judge's "legal conclusion that [the] Plaintiff did not fail to exhaust her administrative remedies as to that allegation." (*Id.*).  The Court has carefully reviewed the record, the Recommendation of the Magistrate Judge, the Defendant's objections, and responsive briefing from the Parties.  Upon review of these materials, the Court determines that the objections are due to be overruled, and the Recommendation is due to be adopted.

Sam's first objects to the Magistrate Judge's conclusion that Ellis' "EEOC charge raised constructive discharge sufficiently to come within the scope of the agency's investigation." (*Id.*).  Sam's makes two arguments to support its position.  First, that the

---

[2] Here, and elsewhere throughout this Opinion, the Court cites to cases discussing administrative exhaustion in the context of Title VII.  The Eleventh Circuit has analyzed exhaustion requirements under Title VII and the ADA identically in discrimination cases. *See*, *e.g.*, *Batson v. Salvation Army*, 897 F.3d 1320, 1327–28 (11th Cir. 2018) (citing to and applying the same analysis as Title VII cases for an ADA claim); *see also Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999) ("It is settled law that, under the ADA, plaintiffs must comply with the same procedural requirements to sue as exist under Title VII"); *McClure v. Oasis Outsourcing II, Inc.*, 674 F. App'x 873, 875 (11th Cir. 2016) (recognizing that procedural requirements of ADA are identical to those of Title VII, including the duty to exhaust administrative remedies).

"Plaintiff's [c]harge . . . alleges no 'continuing action,' but rather discrimination on one discreet date: March 3, 2023," and that "[t]he only part of Plaintiff's [c]harge narrative at all relating to that discrete date" includes Ellis' manager telling her "she would love to have [Ellis] back." (Doc. 20 at 2). According to Sam's, Ellis "could hardly have" alleged constructive discharge, "*having stated that her manager wanted her back and that her leave of absence was an accommodation by Sam's*." (*Id.*) (emphasis in original). Sam's cites no caselaw in support of this formalistic argument, and the Court finds it unpersuasive. As Sam's acknowledges, "[f]urther into her [c]harge narrative, [Ellis] alleges . . . that she never was returned to the work schedule." (*Id.*). Not only that, but Ellis also alleged that on March 17, 2023, her manager told her she was "a liability to the company" and that she had "no place to put" Ellis. (Doc. 1-1 at 2). While Ellis failed to check the box for continuing action or list the precise date range at the top of her charge, she lists events which clearly demonstrate continuing action beyond March 3, specifically to March 17. It is unreasonable to suggest that in investigating Ellis' charge, the EEOC would ignore anything that did not occur on March 3—despite being included in the charge narrative—because Ellis mislabeled one box of the form. Courts are, and should be, "extremely reluctant to allow procedural technicalities to bar claims" like those brought here. *Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460–61 (5th Cir. 1970)).

Sam's next reiterates its argument that was considered and rejected by the Magistrate Judge, that "discharge is a discrete act, one nowhere raised or inferred in the Charge itself." (Doc. 20 at 3). As the Magistrate Judge recognized, Ellis did not have to

4

use the magic words "constructive discharge" or "termination" in her EEOC charge. *See Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989) ("[S]trict compliance . . . is unnecessary [] where the plaintiff has filed a charge with the EEOC, but in her judicial action the plaintiff raises related issues as to which no filing has been made."). Rather, the proper inquiry is whether Ellis' complaint and the allegations therein are like, related to, or grow out of the allegations in her EEOC charge. *See Batson,* 897 F.3d at 1328. The EEOC charge alleges that Ellis' manager told her (1) Sam's did not have to put her back on the schedule; (2) she was a "liability to the company"; and (3) Sam's had "no place to put" her. (Doc. 1-1 at 2). After that, Ellis allegedly "was never placed back on the schedule." (*Id.*). The Magistrate Judge correctly concluded that a reasonable investigation into Ellis' EEOC charge would have included an investigation of these allegations, which now support the constructive discharge claim in her complaint. (*See* doc. 1 at 9–10). Thus, the Court disagrees with Sam's that constructive discharge was not "inferred in the [c]harge itself" and overrules its first objection. (*See* doc. 20 at 3).

Sam's next objects to the Magistrate Judge's "legal conclusion that [the] Plaintiff did not fail to exhaust her administrative remedies as to [the discharge] allegation." (Doc. 20 at 1). Ellis filed her charge with the EEOC within 180 days of the allegedly unlawful conduct and received her right to sue letter on March 22, 2024. (*See* docs. 1-1, 1-2). This Court, and the Magistrate Judge, have determined that the allegations contained in Ellis' complaint are sufficiently related to the allegations of her EEOC charge. It necessarily follows, then, that Ellis exhausted her administrative remedies as to her constructive discharge claim. The Magistrate Judge correctly concluded as much, and the second

5

objection is overruled.

In conclusion, the Court agrees with the Magistrate Judge that the Defendant's motion to dismiss is due to be denied. Accordingly, for the reasons stated, and for good cause, it is

ORDERED as follows:

1. The Defendant's objections (doc. 20) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 19) is ADOPTED;

3. The Defendant's motion to dismiss (doc. 9) is DENIED;

4. This case is REFERRED back to the Magistrate Judge for further proceedings.

DONE this 7th day of March, 2025.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE